IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY DAVIS,<br>Petitioner, | § § § | |
| VS. | § | Civil Action No. 4:13-CV-088-Y |
| | § | |
| RODNEY W. CHANDLER, Warden,<br>FCI-Fort Worth,<br>Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Michael Anthony Davis, Reg. No. 33896-177, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rodney W. Chandler is Warden of FCI-Fort Worth, Texas.

## C. Procedural History

In 2005 petitioner was found guilty in this court of conspiracy to possess and distribute crack cocaine and distribution of crack cocaine and aiding and abetting and was sentenced to a term of imprisonment of 360 months in each case, the sentences to run concurrently. *United States v. Davis*, Criminal Docket No. 4:05-CR-111-Y-2, docket entry nos. 123, 140. (Resp't App. at 4) Petitioner appealed his convictions and sentences, but the Fifth Circuit Court of Appeals affirmed the judgment. (Resp't App. at 1-6) Petitioner has also filed numerous motions for post conviction relief and reduction of his sentences in this court, to no avail.

Petitioner raises the following claims in this § 2241 habeas petition:

(1) "Actual innocence of sentence;
(2) "Unanimous verdict transaction no proof drug transaction;
(3) "Constructive amendment of the indictment;
(4) "Failure to rearraign; and
(5) "Reformation of judgment."

(Pet. at 1-8)

Petitioner seeks immediate release. Respondent asserts the petition should be dismissed for lack of jurisdiction. (Resp't Resp at 5)

## D. Discussion

As a general rule, a federal prisoner who seeks to challenge collaterally the legality of a conviction or sentence must do so in a § 2255 motion to vacate, set aside, or correct sentence. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Such claims may only be raised in a § 2241 petition if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830

(5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) the claim is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Although petitioner conclusively states that he has met all three factors, he does not cite any Supreme Court decisions that are retroactively applicable and establish that he was convicted of nonexistent offenses, nor does he show that his claims were foreclosed by the Fifth Circuit at the time of his trial, appeal, or his first 2255 motion. Petitioner's contention that he is actually innocent of his convictions and sentences, does not aid him. *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006) (providing federal habeas law does not recognize a freestanding actual innocence claim); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (providing prisoner's claim that career offender guideline was not properly applied to his drug conspiracy conviction, and that he was "innocent" of the enhancement, was not in nature of claim that he was innocent of drug conspiracy offense itself, and did not permit prisoner to pursue his claim by filing habeas petition under § 2241 in district where he was incarcerated).

Having had an adequate and effective opportunity to assert the instant claims on appeal and his first § 2255 motion, petitioner may not proceed to do so under this court's § 2241 jurisdiction. Section 2255 is not inadequate or ineffective merely because the prisoner has filed a prior unsuccessful motion to vacate or is unable to meet the requirements for filing a second or successive motion to vacate. *Jeffers*, 253 F.3d at 830 (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate

or ineffective); *Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective).

Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *Padilla*, 416 F.3d at 427; *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

It is recommended that this petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May __17__, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the

aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until May __17__, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April __26__, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

5