```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION

MICHAEL ANTHONY DAVIS,          §
     Petitioner,                §
                                §
VS.                             §   CIVIL ACTION NO.4:13-CV-088-Y
                                §
RODNEY W. CHANDLER, Warden,     §
FCI-Fort Worth,                 §
     Respondent.                §
```

ORDER ADOPTING
MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Michael Anthony Davis under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on April 26, 2013; and

3. The petitioner's written objections and an appendix to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on May 13, 2013.[1]

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, and the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed for lack of jurisdiction, for the reasons stated in the magistrate judge's findings and conclusions and as stated herein.

In his objections, Davis now contends that the Supreme Court's decision in *DePierre v. United States*,[2] requires that the quantity of drugs be stated in the indictment and found beyond a reasonable

---

[1] The appendix is inclusive of several copies of Court documents and transcripts from the underlying criminal case before this Court. Davis also presented these papers to the Court through a motion to amend his pleadings filed on the same date as the magistrate judge's report, April 26, 2013. Thus, that motion/document (doc. 19) is DENIED as moot.

[2] 131 S.Ct. 2225 (2011).

doubt. The *DePierre* opinion actually holds only that the term "cocaine base" as used in 21 U.S.C. § 841(b)(1)(A)(iii) means cocaine in its chemically basic form, not exclusively "crack cocaine."[3] Furthermore, the *DePierre* decision does not support Davis's "savings clause" argument "because *DePierre* did not decriminalize . . . criminal conduct and has not been held to be retroactively applicable."[4] Davis's objections based upon the Supreme Court's *DePierre* opinion are overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Michael Anthony Davis's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

SIGNED May 21, 2013.

　　　　　　　　　　　　　　　　　/s/ Terry R. Means
　　　　　　　　　　　　　　　　　TERRY R. MEANS
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3] *DePierre,* 131 S.Ct. at 2231.

[4] *Ford v. Keffer,* 486 Fed. Appx. 428, 429 (5th Cir. Aug. 16, 2012); *see also Wilson v. United States,* 4785 Fed. Appx. 530, 531 (5th Cir. July 27, 2012).